UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS O. ENWONWU,                    *
                                       *
              Petitioner,              *
                                       *
       v.                              *          Civil Action No. 17-cv-12555
                                       *
STEVEN SOUZA, Superintendant, Bristol  *
County House of Correction and Jail[1] *
                                       *
              Respondent.              *

MEMORANDUM AND ORDER

March 6, 2019

TALWANI, D.J.

I.      Introduction

        Petitioner Francis O. Enwonwu, an immigration detainee incarcerated at the Bristol

County House of Correction and Jail in North Dartmouth, Massachusetts, seeks release from

detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 543 U.S.

371 (2005), on the grounds that his removal to Nigeria is not reasonably foreseeable. Petition for

Writ of Habeas Corpus Under 28 U.S.C. § 2241 [#1]; Petition for Writ of Habeas Corpus Under

---

[1] At the time he filed his petition, Enwonwu was in immigration detention at the Plymouth
County House of Corrections. Petition [#1]. Enwonwu named as Respondents Plymouth County
House of Corrections Superintendent Antone Moniz, Sheriff Joseph D. McDonald, Plymouth
County Correctional Facility, Department of Homeland Security, and Immigration and Customs
Enforcement. Id. As Enwonwu raised his habeas petition pursuant to 28 U.S.C. § 2241,
Respondent Antone Moniz was the only proper respondent at that time. Service Order [#5]
(citing Rumsfield v. Padilla, 542 U.S. 426, 439 (2004) (Proper respondent in a § 2241 habeas
petition is the immediate custodian of petitioner)). Respondent's most recent Motion to Dismiss
[#42] informs the court that Enwonwu is now being detained at the Bristol County House of
Correction and Jail, and his "immediate custodian" is therefore Superintendent Steven Souza.
Resp't's Mot. to Dismiss [#42]. Respondent has captioned his motion accordingly. Id. The court
proceeds likewise.

28 U.S.C. § 2241 [#14]. Before the court is Respondent's Motion to Dismiss Petitioner's Habeas Petition [#42]. For the following reasons, Respondent's motion is ALLOWED.

Enwonwu, a native of Nigeria, entered the United States as a legal permanent resident in 2001. Petition 2-3 [#1]. In December 2010, Petitioner was convicted in Massachusetts state court of armed assault with intent to rob, Mass. Gen. Laws. ch. 265, §18(b), and was sentenced to serve five to seven years' imprisonment. See Decl. of Yolanda Marfissi ("Marfissi Decl.") ¶ 4 [#9-1]. The Department of Homeland Security alleged that this conviction constituted an aggravated felony and made Enwonwu removable from the United States. Id.; see also 8 U.S.C. § 1227(a)(2)(A)(iii).

On February 26, 2016, an Immigration Judge denied Enwonwu's application for relief and ordered him removed to Nigeria. Marfissi Decl. ¶ 5 [#9-1]. On March 8, 2017, after being released from state custody, Enwonwu was transferred to the custody of the United States Immigration and Customs Enforcement. Id. ¶ 7; Petition 3 [#1]. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's removal order in September 2017 and dismissed Enwonwu's appeal. In re: Francis Obiora Enwonwu, File No. A047 998 975 – Boston, MA, Decision (B.I.A. Sept. 6, 2017) [#9-2]. On December 26, 2017, when Enwonwu initiated the proceedings in this court, he was thus subject to a final order of removal. Petition for Writ of Habeas Corpus [#1].

On June 5, 2018, after the First Circuit affirmed the BIA's decision, Enwonwu filed a motion to reopen and a request for stay of removal with the BIA. In re: Francis Obiora Enwonwu, File No. A047 998 975 – Boston, MA, Decision (B.I.A. Sept. 18, 2018) [#42-2]. The BIA stayed Enwonwu's removal on June 18, 2018, and granted his motion to reopen on

September 18, 2018. Id. The BIA remanded the case to the Immigration Judge for further proceedings on Enwonwu's removability and his claims for relief from removal. Id.

Respondent's Motion to Dismiss [#42] followed, arguing that the Supreme Court's decision in Zadvydas, the predicate for the relief Enwonwu seeks, is no longer applicable because Enwonwu is no longer subject to a final order of removal and is currently in pre-final order detention under 8 U.S.C. § 1226(c). Mot. to Dismiss 3-4 [#42]. Enwonwu has not filed an opposition and the time to do so has passed.[2]

"Zadvydas concern[s] § 1231(a)(6), which authorizes the detention of aliens who have already been ordered removed from the country." Jennings v. Rodriguez, 138 S. Ct. 830, 843 (2018). Once the BIA granted Enwonwu's motion to reopen, Enwonwu's final removal order was vacated and therefore he has not been "ordered removed from the country." And, because the authorization for his detention therefore is no longer section 1231(a), but 8 U.S.C. § 1226(c), the relief Enwonwu seeks pursuant to Zadvydas and Clark is not available to him.

Accordingly, Respondent's Motion to Dismiss [#42] is ALLOWED and Enwonwu's Petition[s] for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [##1, 14] are DISMISSED.

IT IS SO ORDERED.

Date: March 6, 2019                                       /s/ Indira Talwani
                                                         United States District Judge

---

[2] Respondent's counsel informs the court that he conferred with Enwonwu's counsel and, although she could not consent, she would take no position regarding Respondent's motion. Id. at 3.